## No. 15,818.

PORTER, ADMINISTRATOR *v.* BLACK, JUDGE.

(175 P. [2d] 307)

Decided December 9, 1946. Rehearing denied December 30, 1946.

Mr. Max D. Melville, Mr. Frank E. Hickey, Mr. Edward E. Pringle, for petitioner.

Mr. Albert L. Vogl, for defendant.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

Petitioner here, sought leave to intervene in an action pending in the district court of Denver, but his application was denied. Aggrieved thereby, as claimed, petitioner, making the Honorable William A. Black the judge of the court of his discomfort, defendant, seeks a writ at our hands requiring the latter to permit intervention. On initial presentation we granted an alternative writ, to which defendant has responded. Briefs have been filed, and the matter stands submitted.

It appears that in an action commenced in the district court of the City and County of Denver, entitled Margaret A. Adams, plaintiff, v. Sarah Levin and Harry Levin, defendants, plaintiff, invoking the provisions of an Act of Congress known as the "Emergency Price Control Act of 1942, as amended (50 U.S.C.A. App. 901),"

seeks to recover treble damages from defendants, for, that, as alleged, said defendants did exact and require of plaintiff payment of rentals in excess of that permitted by law in the premises alleged. The pendency of the action, and while undetermined as between the parties thereto, having come to the attention of the Administrator of the Office of Price Administration, petitioner here, that official, invoking section 205 (d) of the said Act, requested leave to intervene therein, which request was denied, all as already stated.

Defendant's response, purely formal, is that, the " 'petition for alternative writ' filed herein fails to state a claim upon which relief can be granted;" and, arguendo, he says: (1) That the matters set forth in the petition do not involve issues publici juris; (2) that petitioner seeks to use the writ invoked to control his discretion; (3) that petitioner seeks to use the writ as a substitute for a writ of error; (4) that the grounds relied upon here are not the same as the grounds set forth in the petition for intervention in the trial court; (5) that no matters are set forth which call for the exercise of our original jurisdiction; (6) that the ruling of which complaint is made was one calling for the exercise of judicial discretion as to the sufficiency of a pleading, and such ruling should not be subject to the writ sought at our hands.

▆▆▆ We are persuaded that defendant's counsel misconceives the purpose of the writ which petitioner asks. The latter's sole objective is to be allowed to intervene pursuant to a federal statute specifically providing therefor. Section 205 (d) of the congressional act involved, reads: "In any suit or action wherein a party relies for ground of relief or defense upon this Act [the one here] or any regulation, order, price schedule, requirement, or agreement thereunder, the court having jurisdiction of such suit or action, shall certify such fact to the Administrator. The Administrator may intervene in any such suit or action." 50 U.S.C.A., p. 405, §925 (d). That

state courts may exercise jurisdiction in such actions is provided in the act. Therefore, the court here very properly accepted jurisdiction of the action. Properly, too, such court should have advised petitioner here of the pendency of the action; but its failure to do so, as we may assume, resulted from the lack of advice as to that provision of the act mentioned, and no criticism attends. Nevertheless, proceeding properly, competently, and in apt time, petitioner, invoking the applicable provision of the act, filed a request in the pending action, and over which defendant had accepted, and was exercising, jurisdiction, asking to be allowed to intervene therein.

The basis of petitioner's right to intervene, as we have seen, is statutory and unconditional. §205(d), supra. That statute, made "under the authority of the United States," is binding upon "the judges in every state, * * * anything in the constitution or laws of any state to the contrary notwithstanding." Const. U. S., Art. VI, §2. "The trial judge," as we have said, "was bound by the mandate of the Federal Constitution to apply that instrument upon all proper occasions and to hold it to be the supreme law of the land." *People v. Western Union Telegraph Co.,* 70 Colo. 90, 95, 198 Pac. 146. We have recognized the importance of the right in our rules of Civil Procedure, as witness Rule 24(a) thereof. "Upon timely application," the rule reads, "anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene." "We are also of the opinion," says the Supreme Court of Oregon, "that where a state court has jurisdiction, refusal by it to permit the federal Administrator to intervene would, in view of the provisions of section 205(d), supra, constitute at least an abuse of discretion if not a violation of a mandatory statute." *State ex rel. v. Olson,* 175 Ore. 98, 151 P. (2d) 723. The Oregon court cites *Brown, Administrator v. De Concini, Judge,* 60 Ariz. 476, 140 P. (2d) 224. That case, as our study convinces, is a pat-

tern for the one here. The trial judge there, as here, failed to advise the Price Administrator of the pendency of the action originally instituted. But, there again, precisely as here, the administrator applied for leave to intervene, which was denied by the trial judge. The administrator, proceeding originally in the Supreme Court of Arizona, after the manner here, was granted a writ requiring the defendant judge to "make and enter in said cause an order granting plaintiff [called petitioner here] leave to intervene and become a party to said cause." In that case counsel for the judge below, stressed the same points urged here, but to no avail. It was the conception of the Arizona court, and we are persuaded to the like view, that the federal statute is simple and direct, and state courts are bound to apprehend and follow its provisions.

Counsel for the judge here argues that petitioner seeks to have us exercise control over a matter that rests in the discretion of the trial judge. The petition neither states, nor imports, any such purpose. As to the statute in question, the federal government properly is concerned in the interpretation and application thereof. That the purpose and scope of the act may be emphasized in courts considering cases arising thereunder, and that counsel for the government may contribute to an enlightened understanding thereof, the provision for intervention by the administrator of the act was made part thereof. Clearly, as we are convinced, the right of petitioner to intervene in accordance with his application below, may not be gainsaid.

Let the alternative writ to show cause heretofore issued be made permanent, pursuant to which defendant will grant petitioner's request to intervene as presented, and allow further pleadings by the parties as they may be advised. When fully at issue, the court will try the case in accordance with usual rules, hear counsel reasonably, and determine and adjudge as advised.

MR. JUSTICE BURKE and MR. JUSTICE ALTER dissent.